May it please the Court, my name is Stephanie Adraktis and I represent the petitioner and appellant Ricardo Polanco. Under Jackson v. Virginia and N. Ray Winship, every element of a criminal conviction must be supported by proof beyond a reasonable doubt. The Jackson rule is derived from the presumption of innocence, which extends to those who are not morally blameless but are nonetheless wrongly convicted. The three steps of the Jackson analysis are first to determine the elements of the offense under state law, presume the facts in favor of the verdict, and then determine whether any rational juror could have found that there was a reasonable doubt as to the elements of the crime. Here, the crime conspiracy to commit murder under California law requires that the defendant not only enter into the criminal agreement but also that he personally and actually intended to kill the victim. That is the element at issue in this case. Most important for purposes of the appeal, under California law, the jury may rely on circumstantial evidence of the element of intent to kill only if that's the only reasonable inference that can be drawn from the evidence. That is the instruction that was provided to the jury in this case as to specifically the element of criminal intent. In other words, the evidence of intent must have been so unequivocal that it could only have reasonably supported a verdict of guilt. Given those jury instructions defining the elements of the crime, and in particular the element of criminal intent, no rational juror could have concluded that there was sufficient evidence beyond a reasonable doubt that Mr. Polanco actually intended to kill Frankie Welner. Construing the facts in Jackson's second step is a simple task in this case because those nearly all of the evidence that was admitted at trial consisted of tape-recorded statements. And Mr. Polanco and the co-defendants did not dispute the contents of those recordings or the actions that were taken and observed by the police. So are you arguing that the California Court of Appeals was unreasonable in applying the sufficiency of the evidence standard here? Yes, we are, Your Honor. And in particular, the analytical error that stands out most clearly is when the Court stated that they could have reasonably inferred that he had the correct intent. That's applying essentially a some-evidence standard, which was specifically rejected in Jackson. Jackson held that the standard under Thompson v. Louisville, which was at issue there, that one of some evidence, was there some evidence that could have supported this verdict. They specifically rejected that standard. They said that's a due process issue, that's related to whether you have a right to liberty, what we're considering here in this case, in Jackson v. Virginia, is the presumption of innocence, and it's a safeguard against wrongful convictions. And they specifically held that a reviewing court may review all the facts in the case as a jury would and decide whether a rational juror must have concluded there was a reasonable doubt. That's the analytical mistake that was made in the court of appeal opinion. They said, well, a juror could have concluded this, but that's not good enough under Jackson. It bypasses the constitutional question, which is, based on this factual record, was there a reasonable doubt that no rational juror could ignore? And clearly, in this case, there was. There was ample evidence that Mr. Polanco did not intend to actually kill Frankie Buelna. There were two visits that he made to Buelna's house, both times being coerced by the handlers from the gang who were essentially ordering him to do this murder. And he never made an attempt on Mr. Buelna's life. He made many very unconvincing and trivial excuses throughout the entire period that he was being recorded and observed by the police. And those sound like very good arguments that were probably made to the jury. And certainly they were, Your Honor. And the jury rejected them. Is that correct? Yes. In convicting Mr. Polanco, they must have done that. And, Your Honor, that essentially the court is asking the question that was asked in Jackson. Can an appellate court, should an appellate court look at the facts again and determine that the jury made a mistake? And the Supreme Court was clear that this court, appellate courts are empowered to do that as part of the constitutional mandate of the presumption of innocence and proof beyond a reasonable doubt. Juries do make mistakes. There are occasions that this court has found that the evidence submitted at a state criminal trial was simply not sufficient to support the conviction. And again, sufficiency under Jackson and under Winship, that's a separate question from whether or not there was any evidence at all or some evidence. That's not the issue here. And the Court of Appeals simply got it wrong. They applied a bare-bones some-evidence standard, never making any reference to beyond a reasonable doubt or the presumption of innocence, which is what was safeguarded in Jackson in the issue raised in the State Court Appeal. The precise language used by the Court of Appeal opinion was the jury was entitled to infer Polanco's guilt. They never mentioned proof beyond a reasonable doubt or the fact that the jury was guided by the jury instructions required to accept a reasonable inference of innocence, given that all the evidence of criminal intent to kill was circumstantial in this case. They were duty-bound to do that. The instructions specifically directed them to consider the circumstantial evidence of intent in that manner. But the Court of Appeal essentially bypassed the constitutional question and applied a standard that was much lower than the one that Jackson requires. On these uncontested facts and construing the elements as defined under California law, a reasonable doubt would have existed in the mind of any rational trier of fact because Polanco repeatedly and consistently avoided doing what he had been ordered to do. It was that if he had not made a show of cooperating with the handlers who were ordering him to carry out this mission, he himself would have been killed. He essentially had no choice but to say, okay, I'll go along with it, but again, repeatedly, again and again, he's ordered to do this and he doesn't do it. And so the unmistakable rational inference from that circumstantial evidence is that he didn't intend to carry it out. There's also plenty of evidence in the record that Polanco and the people who were essentially coercing him knew that the police had surrounded Frankie Buelna early on in this incident. In April of 2005, the police had already warned Buelna that he was a target and the police were everywhere around this man. So the notion that knowing this, Polanco knows that there's police all over the place, that he's actually personally intending, I'm going to go there and kill him even though he's surrounded by police. We have over two minutes left. Oh, I would like to reserve two minutes. Thank you, Your Honor. Good morning and may it please the Court. David Glassman for the Respondent. First of all, just a bookkeeping matter. We indicated in our brief the related case of Arthur Garcia, who was one of the co-defendants, because that case apparently originally presented a shared issue in this case, not the issue that counsel has argued. Garcia has apparently not proceeded with an appeal. No appeal was filed in this Court. So just to correct the related case indication. Turning to the sufficiency of the evidence claim, all one needs to do, leaving aside the fact that, as the Court is aware, sufficiency of the evidence is probably the most frequently litigated claim in any state court, much less in the habeas context. If we look at excerpts of record, page 135, supplemental excerpts, I think that directly addresses, responds, and rebuts the claim that is made here. So under the standard review section identified by the State Appellate Court, the California Court of Appeal here states that the defendant's sufficiency of the evidence claims are determined under whether any rational trial or fact could have found proof beyond a reasonable doubt. And there's a citation to Jackson v. Virginia there. The State Appellate Court goes on, quoting Jackson, with the following, this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trial or fact could have convicted. That's in supplemental excerpt 135. My point in citing that is that there is no indication here that the State Appellate Court was under any misapprehension of the relevant standard of review, nor did the State Court have any difficulty addressing these claims, which are purely and simply a request to reweigh evidence. And the reason that I point that out is that this case is fundamentally different from the rare case in which this Court, for example, has found evidence insufficient. Those were cases in which the Court concluded under Jackson and more recently with the additional standard of review imposed by the ADPA, but regardless, those were cases in which the conclusion was reached that there is no evidence of guilt, none, and for that reason the conviction is invalid. This case is fundamentally different. In this case, there is page after page of evidence of guilt. The question is or the question for the jury, more appropriately, was what inferences do you draw from that and in light of the defendant's claim that he was simply feigning his involvement so that all the evidence that he's following the victim, all the evidence that he's armed, all the evidence that there's an explicit agreement to kill the victim, the references that are made to smoking the victim, the fact that the gun is found in his car, blocks from the victim's home, etc., that's all evidence. That is totally unlike the Juan H. case cited by appellant where this Court found zero evidence or the Mitchell v. Pronte case, a pre-ADPA case, where the Court also found no evidence. Here, there is no shortage of evidence. The question is what, how the jury was going to resolve the defense that was asserted. The jury rejected that defense. The jury's role is to evaluate evidence. That's the role of a trial jury, not an appellate court, absent extreme circumstances that are not presented here. Thank you, Your Honor. The respondent urges the Court to make the same analytical error that was made by the Court of Appeal, which is essentially to collapse the Thompson v. Louisville no evidence standard with the Jackson v. Virginia standard requiring proof beyond a reasonable doubt. A plain reading of the Jackson case demonstrates that the United States Supreme Court expressly considered the respondent's precise position here, which is that it's improper to look again at the evidence and reweigh it and that we should only, under the Constitution, consider whether there was any evidence at all of each element and if there was, the conviction must be affirmed. Jackson specifically considered that argument and rejected it. And it is an entirely separate constitutional basis to determine whether there was no evidence or some evidence than there is to determine whether there was evidence beyond a reasonable doubt. And a couple of times during Respondent's argument, they put forth that there are only, the Court can only vacate the conviction if there is zero evidence or no evidence at all. That's simply not true. It collapses analytically two separate lines of constitutional authority. In this case, this is a Jackson claim where we are arguing that there was not proof beyond a reasonable doubt, that a rational juror could not have ignored the reasonable doubt in this case that Mr. Polanco lacked the personal criminal intent to kill. Thank you.  Thank you, Your Honor.
judges: Reinhardt, Murguia, Owens